IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Vanessa Beaully Wallace, | ) | |
|     Plaintiff, | ) | Case No. 6:10-1138-JMC-JDA |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| | ) | |
| Brighton Gardens Greenville | ) | |
|     Defendant. | ) | |
| | ) | |

This matter is before the Court on Defendant's motion to dismiss Plaintiff's Complaint for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). [Doc. 50.] Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(g), D.S.C., this magistrate judge is authorized to review all pretrial matters in employment discrimination cases and to submit findings and recommendations to the District Court.

Plaintiff filed this action on May 5, 2010. [Doc. 1.] Defendant filed its Answer on May 25, 2010. [Doc. 14.] The Court issued a Scheduling Order on June 1, 2010, setting forth deadlines for the case. [Doc. 20.] Pursuant to the Scheduling Order, the parties were to serve Initial Disclosures by July 6, 2010. [*Id.*] Plaintiff has failed to serve Defendant with her Initial Disclosures. [Doc. 50-2 ¶ 3.]

Defendant served Plaintiff with Defendant's First Set of Interrogatories and First Request for Production of Documents on July 2, 2010, and, by separate correspondence, reminded Plaintiff that her discovery responses were due in 30 days. [Doc. 50-2 ¶ 2, Attachment 1.] Plaintiff failed to serve discovery responses or respond to Defendant's counsel's attempts to contact her [Doc. 50-2 ¶¶ 5-6]; therefore, on October 22, 2010,

Defendant filed a motion to compel [Doc. 37]. The Court granted Defendant's motion to compel on November 17, 2010, giving Plaintiff 15 days to serve discovery responses and advising Plaintiff that failure to do so "may result in sanctions, including the loss of her ability to make any objections to such discovery, monetary fees, and even dismissal of the case." [Doc. 48.] Still, Plaintiff failed to serve discovery responses. [Doc. 50-2 ¶¶ 7-8.]

On October 22, 2010, Defendant served Plaintiff with a notice of deposition for December 6, 2010. [Doc. 50-2 ¶ 9; Doc. 50-3 ¶ 3, Attachment 1.] Defendant sent a letter to Plaintiff, reminding her about the deposition, on November 18, 2010. [Doc. 50-2 ¶ 9, Attachment 4.] Plaintiff signed the delivery confirmation for the letter. [Doc. 50-2 ¶ 9, Attachment 5.] On November 29, 2010, Defendant sent another reminder letter to Plaintiff, and Defendant received confirmation that the letter was delivered. [Doc. 50-2 ¶ 10, Attachment 6.] In the letter, Defendant requested that Plaintiff notify Defendant's counsel by 5:00 p.m. on December 1, 2010, if Plaintiff was unable to attend the deposition. [*Id.*] Not until 9:26 p.m. on December 5, 2010, did Plaintiff notify Defendant's counsel that she would be unable to attend the deposition, which was scheduled for 10:00 a.m. the following morning, December 6, 2010.[1] [Doc. 50-3 ¶ 4.]

By the time Defendant's counsel learned Plaintiff was unable to attend the deposition, Defendant's counsel had traveled from Washington, D.C. to Greenville, South Carolina and incurred travel expenses, including airline, cab, hotel, and meal expenses. [Doc. 50-2 ¶ 11, Attachment 7.] Counsel for Defendant contacted Plaintiff in an attempt to go forward with the deposition. [Doc. 50-3 ¶ 6.] Plaintiff indicated she would "try to

---

[1] Because Plaintiff called counsel for Defendant at his office at 9:26 p.m. on a Sunday night to state that Plaintiff would be unable to attend her deposition, Plaintiff left a voicemail message which Defendant's counsel did not receive until just before 7:30 a.m. the following morning. [Doc. 50-3 ¶ 4-5.]

make arrangements" to attend; therefore, Defendant's counsel appeared for Plaintiff's deposition. [Doc. 50-3 ¶¶ 6-7.] Despite two telephone calls to Plaintiff and one voicemail between 10:00 a.m. and 11:00 a.m. on December 6, 2010, Plaintiff failed to appear for her deposition and never returned Defendant's counsel's call. [Doc. 50-3 ¶¶ 8-9.] Defendant incurred additional expenses related to Plaintiff's deposition, including attorney fees and court reporter costs. [Doc. 50-2 ¶¶ 14-15, Attachment 7; Doc. 50-3 ¶ 10.]

On December 16, 2010, Defendant filed its motion to dismiss for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). [Doc. 50.] By order of this court filed December 17, 2010, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the dismissal/summary judgment procedure and the possible consequences if she failed to respond adequately. [Doc. 51.] Despite this explanation, Plaintiff elected not to respond to the motion. On January 27, 2011, this Court issued an Order giving Plaintiff through February 10, 2011, to respond to Defendant's motion to dismiss. [Doc. 55.] Plaintiff was specifically warned that if she failed to respond, the case would be subject to dismissal for failure to prosecute pursuant to Rule 41(b). [*Id.*] Plaintiff was further warned that the dismissal pursuant to Rule 41(b) would be considered an adjudication on the merits, *i.e., with prejudice*. [*Id.*] Despite this Court's Order, Plaintiff again elected not to respond.

Federal Rule of Civil Procedure 41(b) provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits.

Fed.R.Civ.P. 41(b). When considering whether a dismissal under Rule 41(b) is appropriate, a court must consider: (1) the degree of personal responsibility of the plaintiff; (2) the amount of prejudice caused the defendant; (iii) the existence of a history of deliberately proceeding in a dilatory fashion; and (4) the existence of a sanction less drastic than dismissal. *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (citing *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982)). These factors are "not a rigid four-prong test," however, and whether to dismiss depends on the particular circumstances of the case. *Id.*

Plaintiff has repeatedly failed to prosecute this case and to obey the Court's orders. Plaintiff has failed to serve Defendant with her Initial Disclosures; failed to serve discovery responses, even after the Court ordered her to provide responses; failed to notify Defendant's counsel in a timely manner that Plaintiff would be unable to attend her deposition; failed to appear for her deposition; and failed to respond to Defendant's motion to dismiss, even after the Court's Order of January 27, 2011, giving Plaintiff additional time to respond and specifically warning Plaintiff that failure to respond may result in dismissal and would be considered an adjudication on the merits. Additionally, Defendant has incurred unnecessary expenses associated with Plaintiff's deposition, for which Plaintiff failed to appear. When considering the particular circumstances of this case in light of the factors set forth in *Ballard*, the Court recommends that this action be dismissed *with prejudice* pursuant to Federal Rule 41(b).

Wherefore, based upon the foregoing, the Court recommends that Defendant's motion to dismiss be GRANTED.

IT IS SO RECOMMENDED.

                                                  <u>s/Jacquelyn D. Austin</u>
                                                  United States Magistrate Judge

February 24, 2011
Greenville, South Carolina